

```
1  Wilmer J. Harris, State Bar No. 150407        CONFORMED COPY
   Sami N. Khadder, State Bar No. 232216         OF ORIGINAL FILED
2  SCHONBRUN DeSIMONE SEPLOW                     Los Angeles Superior Court
   HARRIS & HOFFMAN LLP
3  414 S. Marengo Avenue                         JUL 14 2008
   Pasadena, CA 91101
4  Telephone: (626) 440-5969                     John A. Clarke, Executive Officer/Clerk
   Facsimile: (626) 449-4417
5  Wharris@sdshhlaw.com                          By_____, Deputy
   Skhadder@sdshhlaw.com                         A.E. LaFLEUR-CLAYTON
6
7  Attorneys for Plaintiff
   RUTH ROSENFELD, an individual
8
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES- CENTRAL DISTRICT

| | |
|---|---|
| RUTH ROSENFELD, an individual<br><br>Plaintiff,<br><br>vs.<br><br>ABRAHAM JOSHUA HESCHEL DAY SCHOOL, a California Corporation; and DOES 1 to 50, inclusive,<br><br>Defendants, | Case No. BC 390751<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Discrimination on Basis of Age (California Government Code §12940(a), *et seq.*);<br><br>2. Constructive Wrongful Termination (California Government Code §12940(a), *et seq.*);<br><br>3. Failure to Prevent Discrimination from Occurring (California Government Code §12940(k);<br><br>4. Constructive Wrongful Termination in Violation of Public Policy;<br><br>5. Intentional Infliction of Emotional Distress;<br><br>6. Negligent Infliction of Emotional Distress.<br><br>7. Age Discrimination in Violation of the ADEA (29 U.S.C. §621, *et. seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT FOR DAMAGES

1

Plaintiff RUTH ROSENFELD makes the following allegations to support her Complaint.

## JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the defendants because they are a resident of and/or doing business in the State of California.

2. Venue is proper in this county in accordance with Section 395(a) of the California Code of Civil Procedure because the defendants reside in this county and/or the alleged wrongs occurred in this county.

## PLAINTIFF

3. Plaintiff RUTH ROSENFELD ("Plaintiff") is an adult individual. Plaintiff is, and at all relevant times mentioned herein was, a resident of Los Angeles County and the State of California. Plaintiff is, and at all relevant times was, a member of a class of persons over the age of 40, and thus subject to protection under the California Fair Employment and Housing Act and the Age Discrimination in Employment Act.

4. At all relevant times herein, plaintiff was employed by Defendant ABRAHAM JOSHUA HESCHEL DAY SCHOOL, ("AJHDS"), until her constructive termination on approximately September, 2007. Plaintiff was wrongfully terminated by defendant and thus brings this action.

## DEFENDANTS

5. Defendant, a California corporation, maintains its principal place of business in Los Angeles, California. Defendant is, and was, at all times mentioned herein, an "employer" within the meaning of both Sections 12926(d) and 12940, *et seq.* of the California Government Code. In doing the acts herein alleged, its employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendant. Defendant engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its

employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

6. Defendants DOES 1 through 50, inclusive, are other possible defendants responsible for the wrongful conduct alleged herein. The true names and capacities of defendants named herein as DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to plaintiff who therefore sues such defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes that the DOE defendants are California residents. Plaintiff will amend this Complaint to show true names and capacities when they have been determined. Plaintiff is informed and believes, and on the basis of such information and belief allege, that each defendants DOE herein is in some manner responsible for the wrongful constructive termination based on age and damages herein alleged.

7. Defendants AJHDS, and DOES 1 through 50 are hereinafter referred collectively as "Defendants."

8. Plaintiff is informed and believes and thereon alleges that each defendant is, and at all times mentioned was, the agent, employee or representative of each other defendant. Each defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each defendant as agent subsequently were ratified and adopted by each other defendant as principal.

## EXHAUSTION OF REMEDIES

9. Prior to filing this complaint, Plaintiff filed complaints of discrimination against the Defendants with the Equal Employment Opportunity Commission and Department of Fair Employment & Housing. Plaintiff received a Notice of Case Closures and a Right to Sue from each agency. Accordingly, Plaintiff has exhausted her administrative remedies.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Ruth Rosenfeld is a 60 year old woman married for 40 years with 2 adult children and 2 grandchildren. Mrs. Rosenfeld was born in Jerusalem and raised in Tel Aviv, Israel, where

she received her credentials in Education from Seminal Levinsky. Mrs. Rosenfeld relocated with her husband to Los Angeles in 1968 where she received her bachelors degree, and later, a Masters in Educational Psychology from California State University, Long Beach. In 1972, Mrs. Rosenfeld began working for Abraham Joshua Heschel Day School ("AJHDS") as a teacher. Mrs. Rosenfeld taught Jewish education to students of AJHDS for 35 years until September 2007, when she was forced to resign as a result of AJHDS' campaign to rid the school of teachers over 40.

11. Mrs. Rosenfeld was the longest employed teacher at the School. In fact, several AJHDS school board members were students of Mrs. Rosenfeld, including, without limitation, Larry Kligman. Mrs. Rosenfeld also taught Mark Lainer's children and grandchildren. Mrs. Rosenfeld was instrumental in building the School's curriculum and programming. Throughout her tenure, Mrs. Rosenfeld was praised by students, teachers, administrators and parents alike for excellence in teaching and her commitment to providing quality Jewish education to young people. Mrs. Rosenfeld's commitment to educational excellence extends to work outside the classroom, and she has been credited with her work in after-school programs as well as providing input to the School Board on various school issues related to programming and functions, including without limitation, the following:

- Volunteer Judaic teacher and chaperon for third grade class trips to Arizona and New Mexico for over twelve years, for 4 nights and 5 days for each trip.
- Volunteer teacher at Brandais camp, joined general studies teachers to present the Judaic aspect of the program to third grade students, for one night and 2 full days for each trip.
- Organized and accompanied eighth grade students on two week trips to Israel over a five year period of time since the program's inception. Assisted in developing exchange programming with Israeli school and chaperoned and educated Israeli exchange students and their parents.
- Participated in annual Mitzva Day (doing good deeds for the community).

- Even though Mrs. Rosenfeld's work schedule only required her to be at school from 12:15 p.m. to 3:30 p.m., she spent full days at school (7:00 a.m. to 5:00 p.m.) in order to participate in parents' conferences and assist in teachers' enrichment programs.
- Even though Mrs. Rosenfeld was only required to accomplish two "yard duties" per day (lunch duty, recess duty, etc.), she participated in three such duties per week.
- Assisted new teachers with their lesson plans and assistance in understanding the school's philosophy.
- When AJHDS opened a new branch in Agoura Hills, Mrs. Rosenfeld spent many hours at the new school sharing her expertise and programming. (There is no longer a relationship between the Agoura Hills school and Northridge.)
- In addition to parent/teacher conferences, spoke with students and parents upon request, including tutoring and working to increase student participation in school activities.
- Assisted Luisa Lathem in developing programming and curriculum to improve the Hebrew and Judaic program.
- Mrs. Rosenfeld hosted dinners and school events at her home for parents, students and teachers from the Israeli delegation.

12. Most significantly, Mrs. Rosenfeld was well liked by management, staff, students and parents alike. The quality of her teaching, commitment to students and expertise in Jewish religious principles establishes her as a leader in her field.

13. In early 2003, the AJHDS hired Betty Winn as the new Head of School. As a result of her hire, Ms. Winn has engaged in a campaign to force teachers over 40 to quit and replace them with younger workers.

14. Ms. Winn and AJHDS have engaged in the same unlawful conduct with regard to Mrs. Rosenfeld's employment. In circumstances involving a tenured teacher like Mrs. Rosenfeld, the school could not terminate her except for cause, however, they could, as it occurred here,

1 | reduce her hours to the point of a constructive termination. Because Mrs. Rosenfeld could not be
2 | terminated except for cause, Ms. Winn devised a plan to force her to resign by systematically
3 | cutting her hours.

4 |     15.    Commencing in or about May 2005, Mrs. Rosenfeld was required to execute a
5 | new contract which cut her hours from 25 to 20. On August 4, 2005, Mrs. Rosenfeld made a
6 | written complaint and request for reinstatement of her hours to Betty Winn. Ms. Winn ignored
7 | her complaint and refused to reinstate her hours.

8 |     16.    In the following school year – May 2006, Mrs. Rosenfeld received her annual
9 | contract, which further demoted her by cutting her hours from 20 to 17. Throughout this time,
10 | Mrs. Rosenfeld continued to receive positive feedback regarding her job performance.

11 |     17.    On or about May 15, 2007, Mrs. Rosenfeld met with Ms. Winn and Ms. Meira
12 | Peery, Head of AJHDS's Hebrew Department, for purposes of reviewing her self-evaluation.
13 | During the meeting, Ms. Winn informed Mrs. Rosenfeld that she was again reducing her hours
14 | from 17 to 10. Because teachers who work less than 25 hours per week are considered part-time
15 | and are not eligible for health insurance or benefits, Mrs. Rosenfeld was also denied health and
16 | pension insurance benefits. Ms. Winn was aware of this fact and specifically told Mrs.
17 | Rosenfeld that she would no longer receive health insurance benefits. As a result, Mrs.
18 | Rosenfeld refused to execute the contract.

19 |     18.    Mrs. Rosenfeld hoped that Ms. Winn would reconsider her decision and reinstate
20 | her additional hours. However, upon returning from Israel in summer 2007, Mrs. Rosenfeld
21 | learned that Ms. Winn had hired another teacher to take her Hebrew teaching hours and that Mrs.
22 | Rosenfeld would be limited to 10 hours per week. As a result, on August 24, 2007, Mrs.
23 | Rosenfeld was forced to resign her employment due to the above actions and conditions
24 | rendering her work environment so intolerable and aggravated that a reasonable person in her
25 | position would have resigned. Indeed, the AJHDS had actual or constructive knowledge of the
26 | intolerable actions and conditions and of their impact upon Mrs. Rosenfeld and could have
27 | remedied the situation, but did not. As a result, Mrs. Rosenfeld was constructively discharged
28 | and did not return to work on August 28, 2007.

19. As a result of the above unlawful and discriminatory actions taken against Mrs. Rosenfeld because of her age, Mrs. Rosenfeld has suffered and continues to suffer, *inter alia*, severe emotional distress, loss of earnings and loss of earning capacity.

## FIRST CAUSE OF ACTION
## DISCRIMINATION ON BASIS OF AGE
### (Fair Employment and Housing Act)

20. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 19 above.

21. As alleged herein, defendant, discriminated against plaintiff on the basis of her age. Defendant further violated plaintiff's rights to a discrimination free work environment by failing to take all reasonable steps necessary to prevent discrimination from occurring as required by California Government Code § 12940(k).

22. By aforesaid acts and omissions of defendant, and each of them, plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

23. As a further direct and legal result of the acts and conduct of defendant, and each of them, as aforesaid, plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature, duration, and extent of said injuries is presently unknown to plaintiff, but she is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

24. Plaintiff is informed and believes and thereon alleges that defendant and their managers, officers, and/or directors, including, without limitation, Betty Winn, committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of plaintiff's rights. Moreover, defendant and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or

are personally guilty of oppression, fraud, or malice. As such, plaintiff is entitled to recover punitive damages from defendant in an amount according to proof.

25. As a result of defendant's discriminatory acts as alleged herein, plaintiff is entitled to reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
## CONSTRUCTIVE WRONGFUL TERMINATION
### (Cal. Gov't Code § 12940(a) *et. seq.*)

26. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraph 1 through 25 above.

27. As alleged herein, defendant, discriminated constructively terminated the employment of plaintiff on the basis of her age. Defendant further violated plaintiff's rights to a discrimination free work environment by failing to take all reasonable steps necessary to prevent discrimination from occurring as required by California Government Code § 12940(k).

28. By aforesaid acts and omissions of defendant, and each of them, plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

29. As a further direct and legal result of the acts and conduct of defendant, and each of them, as aforesaid, plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature, duration, and extent of said injuries is presently unknown to plaintiff, but she is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

30. Plaintiff is informed and believes and thereon alleges that defendant and their managers, officers, and/or directors, including, without limitation, Betty Winn, committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of plaintiff's rights. Moreover, defendant and their managers,

officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, plaintiff is entitled to recover punitive damages from defendant in an amount according to proof.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION FROM OCCURRING

### (Cal. Gov't Code § 12940(k))

31. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 30 above.

32. G.C. Section 12940(k) provides:

> It shall be an unlawful employment practice[,] ... [f]or any employer ... to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

33. As alleged herein, Defendant knew or should have known of the discrimination against Plaintiff based on age, but failed to take any appropriate action to prevent the discrimination from occurring in violation of G.C. Sec. 12940(k).

34. By aforesaid acts and omissions of defendant, and each of them, plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

35. As a further direct and legal result of the acts and conduct of defendant, and each of them, as aforesaid, plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature, duration, and extent of said injuries is presently unknown to plaintiff, but she is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

36. Plaintiff is informed and believes and thereon alleges that defendant and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of plaintiff's rights.

FIRST AMENDED COMPLAINT FOR DAMAGES
9

1 Moreover, defendant and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, plaintiff is entitled to recover punitive damages from defendant in an amount according to proof.

37. As a result of defendant's discriminatory acts as alleged herein, plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## FOURTH CAUSE OF ACTION

## CONSTRUCTIVE WRONGFUL TERMINATION

## IN VIOLATION OF PUBLIC POLICY

38. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 37 above.

39. At all times during his employment with defendant, plaintiff performed his duties in an exemplary fashion.

40. Plaintiff is informed and believes and thereon alleges that defendant' constructive termination of plaintiff from employment, as alleged herein, was based on the plaintiff's age. The aforementioned discrimination and retaliation has resulted in damage and injury to plaintiff as alleged herein.

41. By reason of the aforementioned conduct and circumstances, defendant violated the fundamental public policies of the State of California, as set forth in Section 12940 of the California Government Code, which mandates that employees be free from discrimination on the basis of age.

42. By aforesaid acts and omissions of defendant, and each of them, plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained. As a further direct and legal result of the acts and conduct of defendant, and each of them, as aforesaid, plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact

nature, duration, and extent of said injuries is presently unknown to plaintiff, but she is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

43. Plaintiff is informed and believes and thereon alleges that defendant and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of plaintiff's rights. Moreover, defendant and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, plaintiff is entitled to recover punitive damages from defendant in an amount according to proof.

## FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 43 above.

45. Defendant engaged in outrageous conduct towards plaintiff with the intention to cause, or with reckless disregard for the probability of causing, plaintiff to suffer severe emotional distress, and with wanton and reckless disregard for the injurious result to plaintiff. As set forth in detail under "Facts Common To All Causes of Action," defendant failed to wrongfully terminated and discriminated against plaintiff based on his age, subjecting him to humiliation and embarrassment.

46. By the aforesaid acts and omissions of defendant, and each of them, plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, costs of suit, and other pecuniary loss not presently ascertained.

47. As a further direct and legal result of the acts and conduct of defendant, and each of them, as aforesaid, plaintiff has been caused to and did suffer and continues to suffer severe

1 emotional and mental distress, anguish, humiliation, embarrassment, fright, pain, discomfort, and
2 anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will
3 seek leave of Court to assert the same when they are ascertained.
4   48.   By aforesaid acts and omissions of defendant, and each of them, plaintiff has been
5 directly and legally caused to suffer actual damages including, but not limited to, loss of earnings
6 and future earning capacity, and other pecuniary loss not presently ascertained.
7   49.   Plaintiff is informed and believes and thereon alleges that defendant and its
8 managers, officers, and/or directors, including, without limitation, Betty Winn, committed the acts
9 alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring
10 plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in
11 conscious disregard of plaintiff's rights. Moreover, defendant and their managers, officers, and/or
12 directors authorized or ratified the wrongful conduct of their employees and/or are personally
13 guilty of oppression, fraud, or malice. As such, plaintiff is entitled to recover punitive damages
14 from defendant in an amount according to proof.

## SIXTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

18   50.   Plaintiff realleges and incorporates by reference, as though fully set forth herein,
19 each and every allegation set forth in paragraphs 1 through 49 above.
20   51.   As an employee of Defendant AJHDS, Plaintiff was owed a duty of due care by
21 defendant, and each of them, to ensure that plaintiff was not exposed to foreseeable harms.
22   52.   Defendant, and each of them, knew, or should have known, that plaintiff was
23 being, or would be, subjected to the conduct as alleged herein, and knew, or should have known,
24 that subjecting plaintiff to such conduct and/or failing to exercise due care to any other employee,
25 officer, agent or supervisor from engaging in such conduct, could and would cause plaintiff to
26 suffer severe emotional distress. Defendant, and each of them, breached their duty of due care by
27 engaging in such conduct, by failing to take any and all reasonable steps to halt such conduct
28

and/or to prevent such conduct from occurring, and by failing to take appropriate corrective action following such conduct.

53.  By the aforesaid acts and omissions of defendant, and each of them, plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, costs of suit, and other pecuniary loss not presently ascertained.

54.  As a further direct and legal result of the acts and conduct of defendant, and each of them, as aforesaid, plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, pain, discomfort, and anxiety.  The exact nature and extent of said injuries is presently unknown to plaintiff, who will seek leave of Court to assert the same when they are ascertained.

## SEVENTH CAUSE OF ACTION

### AGE DISCRIMINATION IN VIOLATION OF ADEA

55.  Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 54 above.

56.  At all relevant times mentioned herein, the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. section 621, *et seq.* was in full force and effect, and defendant was subject to its requirements.

57.  As alleged herein, defendant discriminated against plaintiff on the basis of her age. The conduct of defendants, its employees, subcontractors, and agents constitutes age discrimination in violation of the ADEA.

58.  By aforesaid acts and omissions of defendant, and each of them, plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained. .

59.  As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain,

discomfort and anxiety. The exact nature, duration, and extent of said injuries is presently unknown to plaintiff, but she is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

60.    Plaintiff is informed and believes and thereon alleges that defendants and their managers, officers, and/or directors, including, without limitation, Betty Winn, committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of plaintiff's rights. Moreover, defendant and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, plaintiff is entitled to recover punitive damages from defendant in an amount according to proof.

61.    As a result of defendant's discriminatory acts as alleged herein, plaintiff is entitled to reasonable attorney's fees and costs of suit.

### PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

(a)    Compensatory general and special damages in accordance with proof;

(b)    Exemplary damages against the defendant in an amount sufficient to make an example of those defendant and to deter future misconduct;

(c)    Reasonable attorney's fees and expenses of litigation;

(d)    Costs of suit necessarily incurred herein; and

(e)    Such further relief as the Court deems just or proper.

///

Dated: July 14, 2008

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN, LLP

By: *Sami N. Khadder/K.A.*

Wilmer J. Harris, Esq.
Sami N. Khadder, Esq.
Attorneys for Plaintiff Ruth Rosenfeld

DEMAND FOR JURY TRIAL

Plaintiff RUTH ROSENFELD hereby demands a trial by jury on all claims.

///

Dated: July 14, 2008

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN, LLP


By: *Sami N. Khadder* /K.A.

Wilmer J. Harris, Esq.
Sami N. Khadder, Esq.
Attorneys for Plaintiff Ruth Rosenfeld

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 414 S. Marengo, Pasadena, California 91101.

On **July 14, 2008**, I caused the service of the following document described as:

## FIRST AMENDED COMPLAINT FOR DAMAGES

on all interested parties in this action by placing ___ an original or __X__ a true copy thereof enclosed in sealed envelope addressed as follows:

**Clint Robison, Esq.**
**Amy K. Jensen, Esq.**
**Hinshaw & ulbertson LLP**
**11601 Wilshire Blvd., Suite 800**
**Los Angeles, CA 90025**

___ **[By Facsimile]** The facsimile machine I used complied with California Rules of Court, Rule 2006(d). I caused the machine to print a record of the transmission, a copy of which is attached to this declaration. I served the foregoing on the interested parties by use of a facsimile machine, telephone number (626) 449.4417, transmitting a true and correct copy.

___ **[By personal service]** I caused the above stated document to be delivered to the individuals listed above.

_X_ **[By MAIL]** I caused such envelope to be deposited in the mail at Pasadena, California. The envelope was mailed with postage thereof fully prepaid to the individuals listed below.

Executed on **July 14, 2008**, at Pasadena, California.

_X_ **[State]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Kristina Akopyan